MEMORANDUM **
John Gallagher appeals the district court’s summary judgment in favor of the San Diego Unified Port District. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
The district court correctly applied the but-for causation test to Gallagher’s Americans With Disabilities Act retaliation claim. See T.B, ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015). Likewise, the district court correctly held that Univ. of Tex. Sw. Med. Ctr. v. Nassar, — U.S. -, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013), was intervening controlling authority that allowed it to reconsider causation on remand. Compare T.B., 806 F.3d at 473, with Head v. Glacier Nw., Inc., 413 F.3d 1053, 1064-65 (9th Cir. 2005).
The district court also correctly ruled that Gallagher’s evidence does not show that retaliation was the cause of the non-renewal of his anchorage permit, as the but-for test' requires. In the previous appeal, we held only that retaliation was shown to be a possible cause because the individual who denied Gallagher’s appeal of *787 the permit denial knew about Gallagher’s previous lawsuit. Applying the but-for test, undisputed evidence establishes that Gallagher’s 2001 settlement and anchorage permits were subject to A-8 anchorage regulations. Pursuant to those regulations, Gallagher’s permit was not renewable in 2007 because his previous permit had already expired and his boat was not in the water subject to inspection. As the district court ruled, even if the Port District bore some ill will towards Gallagher, the regulations prohibited renewal of the permit and the Port District had no discretion to renew Gallagher’s permit. In other words, Gallagher cannot show that absent his protected activity, the Port District would have renewed the permit.
Finally, the district court did not abuse its discretion by denying, for lack of diligence, Gallagher’s second Rule 56(d) request for additional discovery. Gallagher failed to depose any witnesses during the case and failed to conduct the additional discovery allowed by the court when it granted Gallagher’s first Rule 56(d) request. Pfingston v. Ronan Eng’g Co., 284 F.3d 999, 1005 (9th Cir. 2002) (a lack of diligence in conducting discovery supports the denial of a Rule 56 request for additional discovery).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.